**John Francis KEMP, Jr., Petitioner-Appellee,**

v.

**Honorable Judge Marcellus K. SNOW and State of Utah, Respondents-Appellants.**

**No. 72–1049.**

United States Court of Appeals, Tenth Circuit.

Aug. 1, 1972.

---

Henry D. Stagg, Salt Lake City, Utah (Vernon R. Romney, Atty. Gen., Larry V. Lunt, Asst. Atty. Gen., on the brief), for respondents-appellants.

Earl Jay Peck, Salt Lake City, Utah (Arthur H. Nielsen, Salt Lake City, Utah, on the brief), for petitioner-appellee.

Before BREITENSTEIN, HILL and DOYLE, Circuit Judges.

HILL, Circuit Judge.

This is an appeal from a judgment of the United States District Court for the District of Utah granting John Francis Kemp's petition for a writ of habeas corpus.

Kemp was originally arrested in the State of Utah and charged with the crime of burglary in Utah state court. Prior to entering his plea, Kemp had been offered a reduced charge of third degree burglary if he would plead guilty. Under the Utah law, third degree burglary carried a penalty of six months to three years, while second degree burglary carried a penalty of one to twenty years. Kemp rejected the proffered plea bargain, pleaded not guilty to the crime of second degree burglary before the Honorable Judge Marcellus R. Snow, of the Third Judicial District Court of Utah, and stood trial on the charge of second degree burglary. He was found guilty and was sentenced on or about April 1, 1966, to an indeterminate term of one to twenty years, pursuant to Utah law.[1]

Petitioner first sought a writ of coram nobis from the Utah Supreme Court; issuance of the writ was denied on August 12, 1970. Kemp later sought a writ of habeas corpus in the Utah Supreme Court; issuance of this writ was likewise denied on January 29, 1971. The present action was then initiated in the United States District Court for the District of Utah for issuance of a writ of habeas corpus. The trial judge ruled that Kemp had been denied due process and equal protection of the law in the plea bargaining with the State of Utah prior to the trial for second degree burglary because adequate information had not been given to enable him to intelligently evaluate the state's offer. The trial court concluded that the petitioner was illegally incarcerated, and a writ of habeas corpus was granted. The respondents in the lower court appeal.

Appellants advance two arguments in support of this appeal; first, that the appellee was given adequate information to enable him to choose whether to accept the plea bargain, the second, that failure to give adequate information to a defendant so that he can choose whether to accept a plea bargain does not constitute a denial of due process and equal protection of the law. We have carefully read the record, and conclude that Kemp was provided with sufficient information to evaluate the State of Utah's proffered plea bargain.

■■ Negotiations between prosecutors and those accused of crimes are valuable in the disposition of criminal litigation, when fairly conducted and when the rights of the accused are fully protected;[2] plea bargaining thus conducted is constitutionally permissible.[3] The accused should be afforded the advice of competent counsel, be aware of

1. Utah Code Ann. §§ 76-9-4 (1953) and 77-35-20 (Supp.1971).

2. United States v. Levine, 457 F.2d 1186 (10th Cir. 1972); Lesley v. Oklahoma, 407 F.2d 543 (10th Cir. 1969).

3. Parrish v. Beto, 414 F.2d 770 (5th Cir. 1969), cert. denied, 396 U.S. 1026, 90 S. Ct. 606, 24 L.Ed.2d 522.

the charges against him, and understand the possible range of sentences in a plea bargaining situation. It is not necessary, however, that the accused be aware of administrative particularities of the possible sentence in order to intelligently accept or reject a plea bargain; knowledge of the maximum sentence is sufficient.[4]

A review of pertinent facts appearing in the record aids in our determination that Kemp was provided with sufficient information to accept or reject the plea bargain offered by the State of Utah. The record is clear in showing that Kemp was represented by counsel. He was fully informed of the various penalties, and was aware that second degree burglary carried a possible penalty of twenty years incarceration. Kemp had a high school diploma and two years of college education; he was apparently in control of his mental faculties. Upon advice of counsel he made a calculated decision to reject the offer and plead not guilty to the crime of second degree burglary.

Kemp now asserts that because he was unaware that an indeterminate sentence with a twenty year maximum subject to reduction by a parole board, as required by Utah law, rather than a specific term in years would be imposed, he could not intelligently accept or reject the proffered plea bargain. We disagree. Whether the duration of incarceration is determined by a judge or a parole board is immaterial where the accused admits that he fully understood and that he was aware the maximum sentence could ultimately be imposed, as it might here.

We hold the trial court's finding that Kemp's rejection of the plea bargain was based on inadequate information to be clearly erroneous; we accordingly re-verse the finding.[5] We need not discuss appellants' second point.

The order granting the writ of habeas corpus is set aside, and the case is remanded with directions to dismiss the petition for the writ and the action.

---

4. *Cf.* United States v. Bronson, 449 F.2d 302 (10th Cir. 1971), cert. denied, 405 U.S. 994, 92 S.Ct. 1268, 31 L.Ed.2d 463; Young v. United States, 433 F.2d 626 (10th Cir. 1970), cert. denied, 401 U.S. 995, 91 S.Ct. 1242, 28 L.Ed.2d 534.

5. United States v. Miles, 449 F.2d 1272 (10th Cir. 1971); Arbuckle v. Turner, 440 F.2d 586 (10th Cir. 1971).