UNITED STATES of America,
Plaintiff–Appellee,

v.

Felix William MARANZINO, d/b/a P &
B Sales, Defendant–Appellant.

Nos. 87–2561, 87–2885.

United States Court of Appeals,
Tenth Circuit.

Nov. 1, 1988.

James R. Wyrsch and Susan M. Hunt of Koenigsdorf, Wyrsch & Ramsey, P.C., Kansas City, Mo., for defendant-appellant.

Benjamin L. Burgess, Jr., U.S. Atty., and Robert S. Streepy, Asst. U.S. Atty., D. Kan., Kansas City, Kan., for plaintiff-appellee.

Before McKAY, SEYMOUR and HIGGINBOTHAM *, Circuit Judges.

PER CURIAM.

The parties to these appeals have waived oral argument. The causes are therefore ordered submitted without oral argument.

Defendant appeals the district court's denial of his motion to dismiss an indictment against him. The indictment, filed in 1987, charged defendant with two counts of making false statements to a federally insured financial institution in violation of 18 U.S.C. § 1014. Defendant based his motion to dismiss primarily on double jeopardy grounds, arguing that a 1985 indictment against him included a similar count under § 1014 and that the similar count was dismissed by the government in 1985 pursuant to a plea agreement. Defendant also argued that the government had promised in the 1985 plea agreement not to pursue further charges arising out of defendant's transactions with the same bank.

After the district court denied defendant's motion to dismiss, he appealed to this court in appeal No. 87–2561. Defendant sought a stay pending appeal from the district court, which was denied. Defendant then sought a stay from this court. This court also denied defendant's request, whereupon defendant sought approval from the district court pursuant to Fed.R. Crim.P. 11(a)(2) to reserve his right to appeal the denial of the motion to dismiss, and entered a conditional plea of guilty to Count I of the indictment. Defendant's appeal from the district court's judgment and sentence on Count I is appeal No. 87–2885. The issue in both appeals is whether the district court erred in denying defendant's motion to dismiss.

Defendant was indicted in 1985 for three counts of making materially false statements to federally insured banks. Counts I and II charged that defendant violated 18 U.S.C. §§ 1010 and 1014 in the course of applying for loans from the First State Bank. These counts are not at issue in this appeal. In Count III, the government charged that on May 10, 1982, defendant knowingly made a false statement in a credit application to the Indian Springs State Bank for the purpose of influencing the bank to approve a loan. Defendant, the indictment alleged, knew that the credit application falsely represented defendant's existing debts and obligations. Defendant pleaded guilty to Count II of the indictment in exchange for the government's dismissal of Counts I and III.

In the current indictment against defendant, the government charged in Count I that on October 27, 1982, defendant forwarded to the Indian Springs State Bank four envelope sight drafts drawn on the Tower State Bank on the account of Young's Used Cars, made payable to defendant's business, for the purchase of used cars from defendant. As a result, the Indian Springs State Bank advanced funds to defendant's account when in fact the used cars did not exist and the sight drafts had been prepared by Young's Used Cars in reliance on false information provided by defendant, in violation of 18 U.S.C. § 1014. In Count II, the government alleged that on November 14, 1982, defendant committed a similar crime through the use of sight drafts drawn on the Charter Bank of Belton on the account of Belton Wholesalers. The government dismissed Count II in exchange for defendant's conditional guilty plea to Count I.

Defendant argues that his 1985 indictment for making false statements in his loan application to the Indian Springs State Bank precluded any further charges arising out of his transactions with the same

---

* Honorable Patrick E. Higginbotham, United States Circuit Judge for the Fifth Circuit, sitting by designation.

bank. He theorizes that all of these transactions were part of a single scheme to defraud the bank. Defendant relies on *United States v. Beachner Construction Company*, 729 F.2d 1278 (10th Cir.1984) (*Beachner*), in which the government charged the defendant with violations of the Sherman Act and with mail fraud in connection with bid-rigging in Kansas. The defendant in *Beachner* had previously been acquitted of conspiracy to commit bid-rigging under the Sherman Act. The district court found that there was a single ongoing conspiracy to rig bids and that the acts which formed the basis of the substantive offenses charged were part of the ongoing conspiracy. The government argued in part on appeal that even if defendant could not be re-indicted for conspiracy under the Sherman Act, the United States should be able to indict defendant for the mail fraud violations. This court held that under these circumstances, the acquittal for conspiracy precluded any subsequent charge for a substantive offense forming part of the conspiracy.

*Beachner* is inapposite to the case at bar. In *Beachner*, the defendant had been acquitted of a conspiracy charge which included the substantive offenses forming part of the conspiracy. Here, Count III of the 1985 indictment did not allege a conspiracy or an overall scheme to defraud the Indian Springs State Bank, nor was the government required to prove an overall plan as an element of the charge in Count III.

The charges against defendant are instead comparable to those in *United States v. Zwego*, 657 F.2d 248 (10th Cir.1981), *cert. denied*, 455 U.S. 919, 102 S.Ct. 1275, 71 L.Ed.2d 460 (1982). In *Zwego*, the defendant was convicted of "knowingly making false statements in connection with two applications for loans to a federally insured bank in violation of 18 U.S.C. § 1014." *Id.* at 249. The defendant had placed two applications for automobile loans on behalf of two nonexistent "customers." He argued that two consecutive sentences based on the two applications placed him in double jeopardy. This court rejected defendant's argument because defendant had made two

separate applications involving "necessarily different" proof. *Id.* at 251.

Similarly, here, Count III of the 1985 indictment concerned false information about defendant's debts and obligations provided in defendant's credit application to the Indian Springs State Bank. In contrast, the 1987 indictment charged that defendant provided false information to a purchaser and in turn relayed the false information to the Indian Springs State Bank by forwarding incorrect sight drafts. The 1987 indictment thus did not put defendant in jeopardy for the same offense charged in the 1985 indictment.

Defendant urges this court to adopt the "same transaction" test recommended by Justice Brennan in his concurring opinion in *Ashe v. Swenson*, 397 U.S. 436, 448–60, 90 S.Ct. 1189, 1196–1203, 25 L.Ed.2d 469 (1970) (Brennan, J., concurring). We are bound by the Supreme Court's rejection of that test. *See United States v. Huffman*, 595 F.2d 551, 554–55 (10th Cir.1979); *United States v. Addington*, 471 F.2d 560, 568 (10th Cir.1973); *Birch v. United States*, 451 F.2d 165, 167 (10th Cir.1971). Moreover, although defendant alleges that the charged offenses were part of a single fraudulent *scheme*, the two offenses do not appear to be part of the same criminal *transaction*. *Cf. Addington*, 471 F.2d at 567–68 (fraudulent scheme involving two separate grain elevators did not constitute same transaction for purposes of collateral estoppel or double jeopardy).

■ Defendant argues that the government should have charged all of these offenses in the same indictment under Fed.R. Crim.P. 8(a). Rule 8(a), however, does not require the government to charge all related offenses in the same indictment. "Two or more offenses *may be charged* in the same indictment ... if the offenses charged ... are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan." (Emphasis added.)

■ In district court, defendant sought access to the probation office's presentence investigation and the prosecution file from 1985 to support his double jeopardy argument. The district court denied defendant's motion to compel. Defendant seeks to appeal that denial. The government argues that defendant forfeited his right to appeal the denial of his motion to compel by not preserving it pursuant to Fed.R. Crim.P. 11(a)(2) prior to his conditional guilty plea. Insofar as defendant sought to support his double jeopardy argument under *Beachner*, however, even an unconditional guilty plea would not result in a waiver of the argument. *See United States v. Broce*, 781 F.2d 792 (10th Cir. 1986). We therefore turn to the merits of defendant's contention that he should have been permitted access to these government documents to support his double jeopardy argument.

■ Defendant sought to show that the government had access to information supporting the 1987 charges against him at the time it initially indicted him in 1985. Defendant also contended that his presentence report, upon which the district court relied in sentencing defendant in 1985, contained information about all offenses committed by defendant at the Indian Springs State Bank. The government apparently conceded the truth of defendant's allegations for purposes of defendant's motion to dismiss. Defendant therefore did not need access to these materials to support factually his motion. Moreover, the government's access to the information would only be relevant if this court had adopted the "same transaction" test, and the government in turn had responded that it could not have indicted defendant for all offenses in 1985 because it did not yet have sufficient proof. *See Ashe*, 397 U.S. at 453 n. 7, 90 S.Ct. at 1199 n. 7 (Brennan, J., concurring) (previous lack of evidence of other offenses may operate as an exception to the same transaction test). Since we have concluded that the same transaction test is inapplicable, the government's early access to information supporting the 1987 indictment is not relevant. Finally, defendant offers no support for his argument that double jeopardy attached in 1985 when the district court read defendant's presentence report and thereby learned of possible other offenses committed by defendant. Defendant's argument that the district court should have permitted him to review the presentence investigation and the prosecution file in order to support his double jeopardy argument is therefore not persuasive.

Even if double jeopardy did not bar the 1987 indictment, defendant alleges that the government agreed in 1985 not to prosecute defendant for any offenses arising out of his dealings with the Indian Springs State Bank. In defendant's reservation of issues for appeal pursuant to Fed.R.Crim. P. 11(a)(2), he stated only that he was reserving the issue of whether the district court should have granted his motion to dismiss on double jeopardy grounds. The issue thus arises whether defendant has effectively preserved this second and separate argument.

The district court and the parties have consistently treated defendant's second argument as though it were part of defendant's double jeopardy argument. The issues, however, are conceptually different. Nonetheless, although ordinarily courts will require strict compliance with Rule 11, we will assume but not decide that in these unique circumstances, where the issues have been intertwined in the court below, defendant's reservation of the double jeopardy issue was sufficient to preserve his argument on appeal that his 1985 plea agreement bars the government's prosecution of the current charges.[1]

■ Quite apart from the issue of voluntariness of a guilty plea, a defendant may obtain specific performance of any

---

1. The Tenth Circuit has not decided whether an alleged governmental promise not to prosecute raises an issue which "lies at the heart of the government's right to institute proceedings against the defendant," and which accordingly cannot be waived by a guilty plea. *See United States v. Gipson*, 835 F.2d 1323, 1324 (10th Cir.) (citing *United States v. Broce*, 781 F.2d 792 (10th Cir.1986), *cert. denied*, —— U.S. ——, 108 S.Ct. 2038, 100 L.Ed.2d 623 (1988).

promises made by the prosecution in exchange for a guilty plea. *Worthen v. Meachum,* 842 F.2d 1179, 1184 (10th Cir.1988); *see also United States v. Stemm,* 847 F.2d 636 (10th Cir.1988). The government asserts, however, that defendant's plea agreement and his statements at his 1985 guilty plea foreclose any further argument. The plea agreement and defendant's statements under oath at his 1985 Rule 11 proceeding indeed reflect that defendant understood that the government was agreeing solely to dismiss Counts I and II and to stand mute at sentencing. However, "[t]he defendant's 'personal responses to Rule 11 inquiries do not foreclose further investigation into the full terms of the plea bargain.' If the rule were otherwise, the strong policy favoring full disclosure of plea agreements could be emasculated by boilerplate answers and assurances that there were no agreements connected with the plea." *United States v. Blackner,* 721 F.2d 703, 709 (10th Cir.1983) (quoting *United States v. Roberts,* 570 F.2d 999, 1007 (D.C.Cir. 1977)). Similarly, the written plea agreement does not absolutely foreclose relief. *See United States v. Swinehart,* 614 F.2d 853, 858 (3d Cir.1980), *cert. denied,* 449 U.S. 827, 101 S.Ct. 90, 66 L.Ed.2d 30 (1980).

At the same time, although defendant's statements at his guilty plea that the government had made no promises other than those in the plea agreement "are subject to challenge under appropriate circumstances, they 'constitute a formidable barrier in any subsequent collateral proceedings.'" *Worthen,* 842 F.2d at 1183–84 (quoting *Blackledge v. Allison,* 431 U.S. 63, 74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977)). While defendant seeks not to undermine the prior guilty plea (as was the case in *Worthen*), but to win specific performance of an alleged plea agreement, the same analysis should logically apply. Thus, defendant must overcome this "formidable barrier" to succeed on his claim.

■ The district court, after an evidentiary hearing, found in its memorandum and order denying the stay pending appeal that any claim of additional promises by the government was not based in fact.

During his testimony in district court, defendant nowhere mentioned an actual agreement by the government to include more charges in the plea bargain than those actually listed in the written agreement. Instead, defendant testified that his defense counsel explained to him that the government could not return to the counts in the 1985 indictment, and that no one explicitly told him the other transactions were not included. Thus, defendant has testified to little more than his subjective expectation in 1985 that the government would not pursue further charges. In contrast, the plea agreement and defendant's statements at sentencing reflect that the objective meaning of the plea bargain was that defendant would not be prosecuted for the remaining two counts in the 1985 indictment; no other charges were at issue. In light of these clear statements at the time of the plea, we conclude that the district court's finding on this issue is not clearly erroneous. *See Beachner,* 729 F.2d 1278. Defendant's subjective expectation that the government would not pursue further charges does not call the validity of the agreement or defendant's statements at the plea proceedings into doubt. *See United States v. Manni,* 810 F.2d 80 (6th Cir. 1987); *United States v. Gonzalez–Mercado,* 808 F.2d 796 (11th Cir.1987); *United States v. Flores,* 616 F.2d 840 (5th Cir. 1980).

Defendant also sought access to the presentence investigation and the prosecution file to support this argument. The government insists that defendant has forfeited any argument on appeal that the district court should have permitted access to these documents to support defendant's claim that additional promises were included in the plea bargain. Defendant's attempt to review these documents, however, was part of his overall argument that the government had promised no further prosecution. We will therefore also address on the merits whether the trial court should have permitted defendant access to these materials.

Rule 16 does not authorize a blanket request to see the prosecution's file. *See* Fed.R.Crim.P. 16(a)(2); *see also Jencks v. United States,* 353 U.S. 657, 667, 77 S.Ct.

1007, 1012, 1 L.Ed.2d 1103 (1957) (expressing disapproval of "any broad or blind fishing expedition among documents possessed by the Government on the chance that something impeaching might turn up"). Indeed, internal government documents made in connection with a prosecution are exempt from discovery. Fed.R.Crim.P. 16 Advisory Committee Note.

Even assuming that some parts of the prosecution file may not be privileged, defendant did not support his argument that the file was material to his defense theory. As noted, the district court found that defendant had not supported his allegation of additional prosecution promises. In light of the clear language of the 1985 plea agreement, defendant's sworn testimony at his 1985 guilty plea, and defendant's testimony at the district court's evidentiary hearing, we conclude that the district court did not abuse its discretion in denying defendant's request to review the prosecution file. *See United States v. Carrigan,* 804 F.2d 599, 602 (10th Cir.1986).

The presentence report presents a different set of problems. The Supreme Court has recently held that a prisoner may obtain his presentence report under the Freedom of Information Act. *United States Department of Justice v. Julian,* —— U.S. ——, 108 S.Ct. 1606, 100 L.Ed.2d 1 (1988). The Court reasoned that the requirement under Fed.R.Crim.P. 32(c)(3)(E) that defendants return copies of the presentence report to the probation office after sentencing did not establish an exemption from disclosure under the Freedom of Information Act. Absent a Congressional exemption, the prisoners were entitled to obtain their reports under the FOIA. Defendant in this case is therefore left in the anomalous position that while he might have obtained his presentence report under the FOIA, he was not permitted to obtain the same report through discovery.

The issue before this court, however, is whether defendant was entitled to see his presentence report for the purpose of proving his allegation that the current charges were included in his 1985 plea agreement. Defendant has not adequately supported his request on this ground. Although defendant alleged in general terms that all requested materials would help "shed much needed light" on his arguments, he has not explained specifically how his presentence report, prepared by the United States Probation Office, would help either to demonstrate the existence of a plea agreement by the United States Attorney different than the one presented to the district court, or to interpret the plea agreement before us.

The presentence report is a court document, prepared by the Probation Office for the court and shown to defendant prior to sentencing. Defendant's argument that his presentence report would "shed light" on the meaning or existence of an implied or explicit agreement between defendant and the prosecution, allegedly unknown to the district court at the time of defendant's 1985 guilty plea, is thus tenuous at best. Moreover, during his testimony at the district court's evidentiary hearing, defendant did not buttress his previous general statement that the report was material with any specific explanation of what helpful information about his 1985 plea agreement might be contained in the report. We therefore conclude that the district court did not abuse its discretion in denying defendant's request. *See Carrigan,* 804 F.2d at 602; *cf. United States v. Lewis,* 743 F.2d 1127 (5th Cir.1984) (where defendant and former defense counsel had opportunity to read presentence report, district court did not abuse its discretion in refusing to permit defendant's new attorney to examine presentence report to support subsequent motion to reduce sentence).

The judgment of the United States District Court for the District of Kansas is AFFIRMED.