955 F.2d 49
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
James Charles BOONE, Defendant-Appellant.
 No. 91-5096.
 United States Court of Appeals, Tenth Circuit.
 Feb. 12, 1992.
 
 Before SEYMOUR, STEPHEN H. ANDERSON and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 SEYMOUR, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Pursuant to a plea agreement, James C. Boone pled guilty to one count of Interstate Travel to Facilitate a Narcotics Enterprise. The government promised Mr. Boone that, in exchange for his guilty plea, it would "not ... institute any further prosecutions" arising out of the investigation that led to his plea. Subsequently, the government brought a civil forfeiture action against Mr. Boone's real and personal property. This action ended with a stipulation for compromise signed by Mr. Boone's wife. Mr. Boone brought suit under 28 U.S.C. § 2255, claiming that the filing of the action itself breached the plea agreement, and seeking a reduction in his sentence. We affirm the decision below denying relief, albeit on different grounds.
 
 
 3
 Mr. Boone does not challenge the validity of his guilty plea. While he does repeatedly note that the government's asserted violation of the plea agreement renders his plea "involuntary," he merely alleges that he has been damaged as a result of the government's action against his property. Moreover, he does not seek to withdraw his plea, nor does he seek a new trial. See Santobello v. New York, 404 U.S. 257, 263 (1971). What he wants is immediate release for time served. Rec., vol. I, doc. 61 at 2. Specific performance and resentencing is not available because the breach alleged by Mr. Boone is not related to his sentencing. As a result, Mr. Boone's only remedy would be withdrawal of his guilty plea and a new trial. He does not appear to want such a result.
 
 
 4
 Mr. Boone claims on appeal that the government orally agreed not to bring a forfeiture action against his real property. Principal Brief of Movant/Appellant at 3. This court does not take breaches of plea agreements lightly. See United States v. Maranzino, 860 F.2d 981 (10th Cir.1988); United States v. Blackner, 721 F.2d 703 (10th Cir.1983). However, where the defendant makes a statement, at the guilty plea hearing, that there are no promises other than those contained in the agreement, the statement erects a "formidable barrier" against any claim of agreements outside the written plea agreement in a subsequent collateral proceeding. Maranzino, 860 F.2d at 985. At his guilty plea hearing, Mr. Boone stated that there were no unwritten agreements. Id. at 4. Our review of the record convinces us that he does not allege facts sufficient to surmount the formidable barrier erected by his statement. The affidavits submitted do not provide substantial support for his argument, and his proffered understanding of the word "prosecution" does not persuade us. We have been given no reason to believe that an evidentiary hearing would reveal anything more, and as a result we do not remand for a hearing in this case.
 
 
 5
 For the reasons set forth above, the order of the district court is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3