972 F.2d 356
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Gary B. CONE, Petitioner-Appellant,
v.
Michael DUTTON, Respondent-Appellee.
 No. 91-6325.
 United States Court of Appeals, Tenth Circuit.
 July 30, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner Gary B. Cone appeals, pro se, the district court's denial of his habeas corpus petition. Mr. Cone asserts the district court erred in denying his habeas corpus petition by (1) failing to properly consider that his guilty plea was not voluntarily and intelligently made in state trial court; (2) rejecting his claim of ineffective assistance of counsel; and (3) failing to consider that he was unconstitutionally deprived of his right to appeal through no fault of his own. We grant Mr. Cone's petition to proceed in forma pauperis but affirm the district court's denial of habeas corpus relief.
 
 
 3
 In 1972, Mr. Cone pleaded guilty in Oklahoma state court to three counts of robbery with firearms, for which he was sentenced to three concurrent terms of twenty-five years' imprisonment. Mr. Cone did not file a direct appeal on these convictions, but the Oklahoma County District Court denied his post-conviction petition for relief nearly eighteen years later, on March 22, 1990. The Oklahoma Court of Criminal Appeals affirmed, holding Mr. Cone was procedurally barred from raising his claims.
 
 
 4
 Citing Okla.Stat. tit. 22 §§ 1051 and 1086 (1981), and Okla.R.Crim.P. 4.1, the United States District Court for the Western District of Oklahoma likewise denied Mr. Cone's petition for habeas corpus relief, ruling that absent a showing of cause and prejudice, post-conviction relief on the merits is not available to a defendant who has not perfected a timely direct appeal within ten days of the judgment of conviction under Oklahoma law. The district court found Mr. Cone did not show cause and prejudice for failing to pursue his claims on direct appeal. The district court also rejected Mr. Cone's ineffective assistance of counsel claim, noting he suffered no prejudice. Furthermore, the district court held Mr. Cone's third ground for relief alleging defects in his state post-conviction proceeding is not a basis for relief in a federal habeas corpus action.
 
 
 5
 Subsequent to his release on parole from Oklahoma, Mr. Cone was sentenced to death after his conviction on two counts of first degree murder in an unrelated case in Tennessee. Mr. Cone seeks post-conviction relief on the Oklahoma robbery convictions because they were used to enhance his sentence for the Tennessee murder convictions.
 
 
 6
 * Absent a showing of cause and prejudice, "a court may not reach the merits of ... procedurally defaulted claims in which the petitioner failed to follow applicable state procedural rules in raising the claims." Sawyer v. Whitley, --- U.S. ----, ----, 112 S.Ct. 2514, ----, 1992 WL 135565 at * 3 (Jun. 22, 1992) (citing Murray v. Carrier, 477 U.S. 478 (1986); Wainwright v. Sykes, 433 U.S. 72 (1977)). This rule results from concern for both the finality of state court judgments of conviction, "and the 'significant costs of federal habeas review.' " Sawyer, --- U.S. at ----, 112 S.Ct. at ----, 1992 WL 135565 at * 3 (quoting McCleskey v. Zant, --- U.S. ----, ----, 111 S.Ct. 1454, 1468 (1991)).
 
 
 7
 Mr. Cone argues at length that his guilty plea in state court could not have been intelligently and voluntarily made because, among other things, the trial judge failed to assess his competency or adequately insure he fully understood the charge, his waiver of constitutional rights and the consequences of a guilty plea. He asserts the district court should have considered the merits of this claim.
 
 
 8
 We agree with the district court that Mr. Cone has not shown the requisite "cause and prejudice" for review of this issue. As the district court found, Mr. Cone was given adequate notice of the appeals procedure in effect at the time of his conviction and his right to appeal. He did not pursue an appeal of these issues and therefore is procedurally barred from post-conviction relief under Oklahoma law. See Webb v. Oklahoma, 661 P.2d 904, 905 (Okla.Crim.App.), cert. denied, 461 U.S. 959 (1983).
 
 
 9
 Mr. Cone asserts the district court improperly based its denial of habeas corpus relief on a summary of facts form rather than the trial court record itself. He contends review of the transcript would demonstrate the trial court's failure to fully " 'canvass[ ] the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequences' " as required under Boykin v. Alabama, 395 U.S. 238, 244 (1969). Mr. Cone's argument has little merit. This Circuit has long held that a summary of facts form alone may be sufficient to establish a knowing and voluntary plea. Moore v. Anderson, 474 F.2d 1118, 1119-20 (10th Cir.1973). The district court did not err to the extent it relied on the summary of facts form in finding that Mr. Cone voluntarily and intelligently entered a guilty plea.
 
 
 10
 If a state prisoner cannot meet the cause and prejudice standard, a federal court may nevertheless hear the merits of petitioner's claim(s) "if the failure to hear the claims would constitute a 'miscarriage of justice.' " Sawyer, --- U.S. at ----, 112 S.Ct. at ----, 1992 WL 135565 at * 4. In short, the Supreme Court has permitted review of claims not meeting the cause and prejudice standard under a narrow exception where "petitioner 'establish[es] that under the probative evidence he has a colorable claim of factual innocence.' " Id. (quoting Kuhlmann v. Wilson, 477 U.S. 436, 454 (1986)). Mr. Cone has not made a claim of factual innocence, nor asserted facts showing a colorable claim of innocence. Hence, we may not review his claim under the so-called "actual innocence" exception. See Sawyer, --- U.S. at ----, 112 S.Ct. at ----, 1992 WL 135565 at * 4.
 
 
 11
 Accordingly, we find no error with the district court's denial of habeas corpus relief with respect to Mr. Cone's first claim.
 
 II
 
 12
 Next, we consider Mr. Cone's assertion that the district court failed to fully consider his ineffective assistance of counsel argument.
 
 
 13
 As the district court noted, ineffective assistance of counsel claims may be brought for the first time collaterally because a criminal defendant will rarely know he has not been represented competently until he consults another attorney after trial or appeal. See Beaulieu v. United States, 930 F.2d 805, 806-07 (10th Cir.1991); Osborn v. Shillinger, 861 F.2d 612, 622-23 (10th Cir.1988) (citing Kimmelman v. Morrison, 477 U.S. 365 (1986)). Although we review Mr. Cone's ineffective assistance of counsel claim, we nevertheless find petitioner's claim without merit.
 
 
 14
 To find a defendant's counsel ineffective, petitioner must overcome both "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland v. Washington, 466 U.S. 668, 689 (1984). Petitioner must also show such deficiency prejudiced the defense to a degree that a reasonable probability exists that "but for counsel's unprofessional errors, the result of the proceedings would have been different." Id. at 694. Applying the first prong of Strickland, the proper standard for measuring attorney performance where a defendant challenges the guilty plea on ineffective assistance of counsel grounds is whether the attorney provided "reasonably effective assistance." See Laycock v. New Mexico, 880 F.2d 1184, 1187 (10th Cir.1989). The second prong is met where defendant shows a reasonable probability that but for counsel's errors, he would not have entered a guilty plea and would have insisted on trial. Id. (citing Hill v. Lockhart, 474 U.S. 52, 59 (1985)).
 
 
 15
 The district court rejected Mr. Cone's ineffective assistance of counsel claim on the basis he put forth only conclusory and meritless allegations of ineffectiveness and he demonstrated no prejudice. We agree. On appeal, Mr. Cone merely asserts in conclusory fashion that his counsel was ineffective and states no facts whatsoever to support his claim of ineffectiveness. A review of his original habeas corpus petition to the district court indicates his claim of ineffectiveness of counsel parallels his first claim that his guilty plea was not voluntarily and intelligently made (i.e., counsel failed to advise petitioner of the waiver of constitutional rights and the consequences of a guilty plea).
 
 
 16
 Mr. Cone's conclusory allegation of ineffective counsel is clearly rebutted by the summary of facts form reflecting his voluntary plea of guilty. Mr. Cone acknowledged the minimum and maximum sentences he faced, his right to a jury trial, and his right to confront witnesses against him. He also stated he had discussed the charges with his attorney, he understood his rights and he was satisfied with his attorney's performance. Furthermore, he stated he pleaded guilty of his own free will, without any compulsion, threats or mistreatment.
 
 
 17
 Because Mr. Cone was advised of his right to appeal and all material aspects of his plea, we agree with the district court that even if his allegations of ineffectiveness were true, he was not prejudiced since his rights were fully explained in the summary of facts form which he signed. See Kemp v. Snow, 464 F.2d 579, 581 (10th Cir.1972) (knowledge of the maximum punishment is sufficient for a full understanding of the consequences of the plea); Stinson v. Turner, 473 F.2d 913, 916 (10th Cir.1973) (record need not reflect a detailed enumeration and waiver of rights as a result of guilty plea; rather, the record must show that the guilty plea was intelligent and voluntary).
 
 
 18
 Although a defendant's statements at a guilty plea hearing are subject to challenge under certain circumstances, they constitute a difficult barrier in subsequent collateral proceedings. United States v. Maranzino, 860 F.2d 981, 985 (10th Cir.1988); see also Blackledge v. Allison, 431 U.S. 63, 74 (1977). Mr. Cone's acknowledged understanding of inquiries made on the summary of facts form largely undercuts his argument on appeal. In short, we fail to see how Mr. Cone was prejudiced. Absent a showing of prejudice, an ineffective assistance of counsel claim must fail because both prongs of the Strickland test must be satisfied.
 
 III
 
 19
 Finally, we address Mr. Cone's argument that he was deprived of his right to appeal through no fault of his own, but rather because retained counsel chose not to pursue the matter. Mr. Cone again bases his claim on both the trial court's and his attorney's failure to advise him of his right to appeal. Again, Mr. Cone's argument is of little merit because he was fully informed of his right to appeal his conviction in the summary of facts form which he signed.
 
 
 20
 The district court's denial of habeas corpus relief is AFFIRMED.
 
 ATTACHMENT
 
 21
 IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT
 
 OF OKLAHOMA
 
 22
 Gary B. Cone, Petitioner,
 
 
 23
 vs.
 
 
 24
 Michael Dutton, Warden, Respondent.
 
 CIV-91-099-C
 
 25
 Aug. 6, 1991.
 
 MEMORANDUM OPINION
 
 26
 Petitioner, a state prisoner presently incarcerated in Tennessee, filed this petition for a writ of habeas corpus in the United States District Court for the Middle District of Tennessee, attacking his convictions in Oklahoma County, Oklahoma. By an order dated January 3, 1991, that court transferred the matter to this Court. The Rule 5 response and a supplemental response have now been filed, and thus the matter is at issue. The Court determines that an evidentiary hearing is not necessary, as the issues can be resolved on the basis of the state court record and the law. Townsend v. Sain, 372 U.S. 293 (1963); Cartwright v. Maynard, 802 F.2d 1203, 1216 (10th Cir.1986), aff'd, 486 U.S. 356 (1988).
 
 
 27
 The state court records reveal that on August 9, 1972, the Petitioner entered his pleas of guilty to three counts of robbery with firearms for which he was sentenced to 25 years imprisonment on each count, to run concurrently. Case Nos. CRF-72-1431, CRF-72-1476 and CRF-72-1477, District Court of Oklahoma County, Oklahoma. The Petitioner did not file a direct appeal on these convictions, but his application for post-conviction relief was denied by the Oklahoma County District Court on March 22, 1990. This decision was affirmed on appeal to the Oklahoma Court of Criminal Appeals, with that Court holding that the Petitioner was procedurally barred from raising his claims.
 
 
 28
 Upon initial review of the file, the Court was concerned on whether it had jurisdiction to review the convictions under attack, since it did not appear that the Petitioner was "in custody" on these convictions. See Maleng v. Cook, 490 U.S. 488 (1989) (per curiam ). The records filed by the Respondent show that the Petitioner is presently on death row at the Riverbend Maximum Security Institution in Nashville, Tennessee after his conviction of two counts of first degree murder in Shelby County, Tennessee on July 29, 1982 for which he received a death sentence. In addition, the Petitioner received two life sentences in the Tennessee court for assault with intent to commit murder and for armed robbery. Thus, Petitioner is presently in custody on the Tennessee convictions. As for the Oklahoma County convictions under attack in this habeas petition, the records indicate that Petitioner was paroled from these cases on December 5, 1978, and he was scheduled to discharge his parole on October 21, 1984. However, the supplemental response indicates that a parole violator warrant was issued on August 22, 1983, and thus the Court assumes that the Petitioner faces possible revocation of his parole in Oklahoma. Under this situation, the Petitioner would be considered "in custody." Jones v. Cunningham, 371 U.S. 236 (1963); Waldon v. Cowley, 880 F.2d 291, 292 (10th Cir.1989); Clonce v. Presley, 640 F.2d 271 (10th Cir.1981).
 
 
 29
 As grounds for relief, the Petitioner alleges (1) that his pleas of guilty were not voluntarily entered; (2) that he was denied the effective assistance of counsel; and (3) that the Oklahoma courts erred in various procedural rulings in his post-conviction relief application.
 
 
 30
 As noted, the Oklahoma Court of Criminal Appeals affirmed the state district court's denial of post-conviction relief by holding that the Petitioner was procedurally barred from raising his claims. Thus, Respondent contends that Petitioner is barred from obtaining federal review on the merits of his claims due to a procedural bar, and this Court agrees. Under current Oklahoma law, an appeal of a conviction based upon a plea of guilty must commence with the filing of a motion to withdraw the plea within ten days of judgment, the denial of which may be appealed by writ of certiorari to the Oklahoma Court of Criminal Appeals. Okla.Stat. tit. 22 § 1051 (1981); Okla.R.Crim.P. 4.1. Post-conviction relief is not available to a defendant who has not perfected a timely direct appeal unless he articulates special circumstances showing sufficient reason for his failure. Okla.Stat. tit. 22 § 1086 (1981); Worthen v. Meachum, 842 F.2d 1179 (10th Cir.1988); see also, Webb v. State, 661 P.2d 904 (Okla.Crim.App.1983), cert. denied, 461 U.S. 959 (1983).
 
 
 31
 In the recent case of Coleman v. Thompson, 111 S.Ct. 2546, 2565 (1991), the Supreme Court held that the "cause and prejudice" standard applies "uniformly to all independent and adequate state procedural defaults," overruling the previous "deliberate bypass" rule that had applied in this circuit when a petitioner fails to take a direct appeal. See Worthen v. Meachum, 842 F.2d at 1181, citing Fay v. Noia, 372 U.S. 391, 4386 (1963). The Coleman Court emphasized that
 
 
 32
 Fay was based on a conception of federal/state relations that undervalued the importance of state procedural rules. The several cases after Fay that applied the cause and prejudice standard to a variety of state procedural defaults represented a different view. We now recognize the important interests in the finality served by state procedural rules and the significant harm to the States that results from the failure of federal courts to respect them."
 
 
 33
 Coleman, 111 S.Ct. at 2565.
 
 
 34
 Having reviewed the record, the Court finds that Petitioner fails to show either cause or prejudice for his failure to appeal his guilty plea. The state court records clearly indicate that Petitioner was given notice of the appeals procedure existing at that time and of his right to an appeal. In pertinent part, the summary of facts form reads as follows:
 
 
 35
 19. You have the right to file a petition in the Court of Criminal appeals for a writ of Certiorari, that is a request for that Court to review this judgment and sentence. It may be granted or denied. Do you understand that?
 
 
 36
 A. Yes.
 
 
 37
 20. Petition for a Writ of Certiorari must be filed in the Court of Criminal Appeals within ninety (90) days from this date. Notice of such filing must be given within five (5) days thereafter by serving a copy of the petition for Writ of Certiorari on the prosecuting attorney, who prosecuted petitioner; and on the Attorney General. Do you understand that?
 
 
 38
 A. Yes.
 
 
 39
 21. Have you fully understood the questions that have just been asked you, and the answers you have given to each question, and are they your free and voluntary answers to these questions as asked and without any compulsion of any kind?
 
 
 40
 A. Yes.
 
 
 41
 Thus, the Court finds and holds that the Petitioner is procedurally barred from obtaining habeas review on the merits of his claims. Moreover, Petitioner's third ground for relief, concerning alleged defects in his state post-conviction proceedings, is not a basis for relief in a federal habeas action. Hopkinson v. Shillinger, 866 F.2d 1185, 1218-1219 (10th Cir.1989).
 
 
 42
 However, Petitioner might arguably be entitled to a review on the merits of his ineffective assistance of counsel claim. In Osborn v. Shillinger, 861 F.2d 612, 622 (10th Cir.1988), the Tenth Circuit noted:
 
 
 43
 However, although a state can limit the litigation of some constitutional claims to trial and direct appeal, the Supreme Court has held that ineffective assistance claims may be brought for the first time collaterally. See Kimmelman v. Morrison, 477 U.S. 365, 106 S.Ct. 2574, 2585, 91 L.Ed.2d 305 (1986). The Court explained its rationale as follows: 'Because collateral review will frequently be the only means through which an accused can effectuate the right to counsel, restricting the litigation of some Sixth Amendment claims to trial and direct review would seriously interfere with an accused's right to effective representation. A layman will ordinarily be unable to recognize counsel's errors and to evaluate counsel's professional performance, consequently a criminal defendant will rarely know that he has not been represented competently until after trial or appeal, usually when he consults another lawyer about his case.'
 
 
 44
 Osborn, 861 F.2d at 622-623, citing, Kimmelman, 477 U.S. at 378. The Tenth Circuit has recently reiterated this holding in Beaulieu v. United States, 930 F.2d 805, 806 (10th Cir.1991), in the context of a § 2255 proceeding for federal prisoners. Thus, in light of these holdings, the Court will review the Petitioner's claim of ineffective counsel.
 
 
 45
 The standard for judging ineffective assistance of counsel claims was set forth in Strickland v. Washington, 466 U.S. 668 (1984). The test is a two-prong test and both elements must be present in order for such a claim to be upheld. First, a petitioner must overcome the strong presumption that counsel's conduct falls within the "wide range of reasonable professional assistance." Id. at 689-690. Second, the petitioner must show that this deficient performance prejudiced the defense, to the extent that "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Id. at 694. There is no reason to address both components of the Strickland inquiry if the Petitioner makes an insufficient showing on one, and thus "[a] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Id. at 697. The Supreme Court extended the Strickland test to guilty plea challenges based on ineffective assistance of counsel in Hill v. Lockhart, 474 U.S. 52 (1985). Under the Hill approach, the proper standard for measuring attorney performance is "reasonably effective assistance." Laycock v. New Mexico, 880 F.2d 1184, 1187 (10th Cir.1989). The prejudice standard is satisfied if the petitioner shows that "there is a reasonable probability, but for attorney's errors, he would not have pleaded guilty and would have insisted on going to trial." Id., citing Hill, 474 U.S. at 59.
 
 
 46
 Here, Petitioner alleges in conclusory fashion that his counsel was ineffective because he failed to advise the Petitioner of the various rights he waived by his guilty pleas. In addition, Petitioner alleges that his counsel "threatened" him that if he did not plead guilty, he could receive a more severe punishment. In Boykin v. Alabama, 395 U.S. 238 (1969), the Supreme Court held that a guilty plea must be entered into "knowingly and voluntarily." A plea is not voluntary unless the defendant knows the direct consequences of his decision, including the maximum penalty to which he will be exposed. Worthen v. Meachum, 842 F.2d 1179, 1182 (10th Cir.1988) (critical inquiry is whether defendant knows of maximum possible sentence). Knowledge of the maximum punishment faced is sufficient for a full understanding of the consequences of the plea. Kemp v. Snow, 464 F.2d 579, 581 (10th Cir.1972); Worthen, 842 F.2d at 1182 ("critical question" is whether the petitioner was informed of the maximum possible sentence). Furthermore, it is not necessary that the record reflect a detailed enumeration and waiver of rights as a result of the guilty plea; rather the issue is simply whether the record affirmatively shows that the guilty plea was intelligent and voluntary. Stinson v. Turner, 473 F.2d 913 (10th Cir.1973). Although the Petitioner's statements at the guilty plea hearing "are subject to challenge under appropriate circumstances," they constitute "a formidable barrier in any subsequent collateral proceeding." United States v. Maranzino, 860 F.2d 981, 984 (10th Cir.1988) ( quoting Blackledge v. Allison, 431 U.S. 63, 74 (1977).
 
 
 47
 Here, the record clearly indicates that the Petitioner's ineffective assistance of counsel claim is without merit. His conclusory allegations to the contrary are clearly rebutted by the summary of facts form which reflected his voluntary plea of guilt. Therein, the Petitioner was advised of the minimum and maximum sentences he faced, that he was entitled to a jury trial and of his right to confront his accusers. The Petitioner was asked if he wished a jury trial, and he stated that he did not. The Petitioner stated on the form that he had talked over the charges with his attorney, he understood his rights, and he was satisfied with his attorney's performance. The Petitioner further stated that he plead guilty of his own free will, without any compulsion, threats or mistreatment. In addition and as noted earlier, the Petitioner was fully advised of his right to appeal his plea of guilty. The Tenth Circuit has held that a summary of facts form is alone sufficient to establish a knowing and voluntary plea. Moore v. Anderson, 474 F.2d 1118, 1120 (10th Cir.1973). Further, since the Petitioner was fully advised on all the material aspects of his plea by the Court, the Petitioner's conclusory assertions, even if true, did not prejudice him, and thus his ineffective assistance of counsel claim fails. Hill v. Lockhart, supra, Strickland v. Washington, 466 U.S. 668, 697 (1984). Regarding Petitioner's claim that his counsel "threatened" him that he might face a more severe punishment if he did not plead guilty, this cannot be said to be ineffective assistance. See Bailey v. Cowley, 914 F.2d 1438, 1440 (10th Cir.1990).
 
 
 48
 Based on the foregoing, the petition for habeas corpus relief is denied.
 
 
 49
 --------Robin J. Cauthron
 
 
 50
 --------ROBIN J. CAUTHRON
 
 
 51
 --------UNITED STATES DISTRICT JUDGE
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3