**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 3, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GARY BRADFORD CONE,

      Petitioner-Appellant,

v.

MICHAEL DUTTON,

      Respondent-Appellee.

No. 07-6015

(D.C. No. CV-91-99-C)

(W. D. Oklahoma)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **BRISCOE, McKAY,** and **McCONNELL**, Circuit Judges.

---

Gary Cone (Cone) seeks a Certificate of Appealability (COA) to appeal the district court's dismissal of his renewed motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). Because Cone has failed to make a substantial showing of the denial of a constitutional right, we deny a COA and dismiss the appeal.

I.

In 1972, Cone pled guilty to three counts of armed robbery in Oklahoma county. Cone did not appeal this conviction. In 1990, after Cone was convicted of capital murder and sentenced to death in Tennessee, he filed an application for post-conviction relief in

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

Oklahoma alleging that his guilty plea conviction was invalid because he was not advised of his right against self-incrimination as set forth in Boykin v. Ala., 395 U.S. 238 (1969). The Oklahoma Court of Criminal Appeals (OCCA) affirmed the denial of Cone's application for post-conviction relief because his application was procedurally barred by his failure to file a direct appeal.

In 1991, Cone filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254, once again raising his Boykin claim. Cone sought habeas relief on his Oklahoma robbery convictions because they were used by the jury in his Tennessee murder trial as an aggravating factor to impose the death sentence. The district court denied his petition after finding no error in the OCCA's application of the procedural bar and concluding that Cone failed to demonstrate sufficient "cause and prejudice" to invoke federal review of a procedurally barred claim. See Coleman v. Thompson, 501 U.S. 722, 750 (1991) (holding that federal habeas review of claims that have been barred on the basis of an independent and adequate state procedural rule are barred unless petitioner can show cause for the default and actual prejudice from alleged violation of federal law). This court agreed that Cone failed to show the requisite "cause and prejudice" and affirmed. See Cone v. Dutton, No. 91-6325, 1992 WL 181984 (10th Cir. July 30, 1992).

In October of 1997, Cone filed a motion with the district court pursuant to Rule 60(b) requesting relief from the procedural bar and alleging that Oklahoma's direct appeal rule was not firmly established and evenhandedly applied to all cases at the time of his guilty plea in 1972. The district court denied this motion as a successive habeas petition

under § 2244(b) and as untimely under Rule 60(b).  This court, by order filed October 9, 1998, vacated the district court's order denying a leave to file a successive habeas for lack of jurisdiction and, remanded the matter to the district court with directions to dismiss the unauthorized second habeas.  We relied on Lopez v. Douglas, 141 F.3d 974, 975 (10th Cir. 1998), to conclude that Cone's Rule 60(b) motion was actually a successive habeas petition and his failure to obtain prior authorization from this court before filing his petition in the district court deprived the district court of jurisdiction.  See 28 U.S.C. § 2244(b)(3)(A).

In Spitznas v. Boone, 464 F.3d 1213, 1215 (10th Cir. 2006), this court overruled Lopez v. Douglas in light of the intervening Supreme Court decision in Gonzalez v. Crosby, 545 U.S. 524 (2005), and held that certain "true" Rule 60(b) motions should not be treated as successive habeas petitions.  Cone then filed a renewed Rule 60(b) motion in December of 2006, once again asserting that his Boykin claim was not procedurally barred.  The district court properly treated this motion as a "true" Rule 60(b) motion, but denied it after concluding that Cone's claim had already been considered and rejected by the district court and this court and Cone failed to provide new evidence or argument to support his claim.  See Spitznas, 464 F.3d at 1215-16 (concluding that a "true" Rule 60(b) motion "challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application" and noting that dismissal based on procedural bar falls within this category).  The district court denied Cone's request for a COA in January of 2007.  See id. at 1217-18 (requiring movant to obtain COA when district court

denies Rule 60(b) motion in habeas case).

II.

This court can issue a COA only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

> In cases like this one, where the decision appealed from involves a procedural ruling of the district court, a COA may only issue if "the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

Spitznas, 464 F.3d at 1225 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). After careful review, we conclude that Cone is not entitled to a COA and dismiss his appeal.

First, Cone's Rule 60(b) motion is untimely because it seeks relief from a judgment entered in 1991. Although he does not specify on which Rule 60(b) ground he brings his motion, grounds (1), (2), and (3) require the motion to be brought "not more than one year after the judgment, order, or proceeding was entered or taken." See FED. R. CIV. P. 60(b)(1), (2), and (3). Ground (6) permits a court to relieve a party from a final judgment for "any other reason justifying relief from the operation of the judgment," if the motion is filed within a reasonable time. FED. R. CIV. P. 60(b)(6). A delay of sixteen years is not reasonable. Finally, ground (4) does not contain a timeliness provision, but permits a court to grant relief from a judgment that is void. Spitznas, 464 F.3d at 1225. This provision does not apply to Cone's case.

Cone's motion also fails for the reasons articulated by the district court. Cone

-4-

alleges that his <u>Boykin</u> claim is not procedurally barred because: (1) the Oklahoma direct appeal rule was established at least seven years after his conviction; and (2) the Oklahoma courts did not evenhandedly apply this rule to similarly situated defendants. He claims that neither this court nor the district court ever addressed this "adequacy" argument and that the district court's determination that his Rule 60(b) motion should be denied was based on this clearly erroneous factual finding. He concludes that because the district court's finding was clearly erroneous, he is entitled to a COA.

The government responds that the district court was correct in denying Cone's motion because both this court and the district court previously considered and rejected his argument. We agree.

The record shows that in rejecting Cone's petition for habeas corpus in 1991, the district court cited the proper "cause and prejudice" standard to overcome a state procedural default and determined that Cone failed to show cause and prejudice for his failure to directly appeal his guilty plea. The court noted that "[t]he state court records clearly indicate that [Cone] was given notice of the appeals procedure existing at that time and of his right to an appeal." Record on Appeal, (ROA), Doc. 18 at 4. The record also shows that in affirming the district court, this court also considered the adequacy of the procedural bar at issue when it stated:

> [w]e agree with the district court that Mr. Cone has not shown the requisite "cause and prejudice" for review of this issue. As the district court found, Mr. Cone was given adequate notice of the appeals procedure in effect at the time of his conviction and his right to appeal. He did not pursue an appeal of these issues and therefore is procedurally barred from post-conviction relief under Oklahoma law.

-5-

See Cone, 1992 WL 181984 at *2. This court also concluded that Cone's Boykin claim had little merit because the summary of facts form reviewed by the district court revealed that Cone understood the consequences of his guilty plea and his right to appeal and this "Circuit has long held that a summary of facts form alone may be sufficient to establish a knowing and voluntary plea." Id.

Because Cone's Rule 60(b) motion is untimely and the record shows that both this court and the district court have previously considered and rejected Cone's argument, the district court properly dismissed his Rule 60(b) motion. Cone has failed to show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling," and is not entitled to a COA. Spitznas, 464 F.3d at 1225.

III.

We DENY a COA and DISMISS the appeal.

Entered for the Court


Mary Beck Briscoe
Circuit Judge