**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 15 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

JOSE JUAREZ AGUIRRE,

       Petitioner-Appellant,

v.

DONALD A. DORSEY, Warden;
ATTORNEY GENERAL OF THE
STATE OF NEW MEXICO,

       Respondents-Appellees.

No. 96-2018
(D.C. No. CIV-93-1405-HB)
(D. N.M.)

ORDER AND JUDGMENT[*]

Before PORFILIO and LOGAN, Circuit Judges, and BURRAGE, District Judge.[**]

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is

therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]    Honorable Michael Burrage, Chief Judge, United States District Court for the Eastern District of Oklahoma, sitting by designation.

In this appeal from the district court's denial of his petition for writ of habeas corpus, petitioner claims that he was denied his Sixth Amendment right to effective assistance of counsel and that his guilty plea was not voluntary. Petitioner was charged in state court with aggravated burglary while armed with a firearm; larceny over $2,500; and conspiracy to commit aggravated burglary. He entered into a plea agreement and pleaded guilty to the lesser included offense of residential burglary; larceny over $2,500; and conspiracy to commit residential burglary, also a lesser included offense. Petitioner was sentenced to a total of seven and one-half years' imprisonment. Petitioner did not take a direct appeal, but he raised several issues in a state habeas action, including ineffective assistance of counsel and the voluntariness of his plea.

The district court appointed counsel to represent petitioner in his federal habeas proceedings. Petitioner briefed two issues before the district court: (1) his plea was not voluntary and intelligent; and (2) his trial counsel was ineffective because counsel did not properly investigate the charges, and because counsel gave false assurances regarding the possible length of petitioner's sentence, thus rendering his plea involuntary. The district court adopted the magistrate judge's findings and recommendation and dismissed the petition. Petitioner appeals.

In our review of the denial of a habeas corpus petition, we accept the district court's findings of fact unless they are clearly erroneous, and we review

its legal conclusions de novo.  See Brewer v. Reynolds, 51 F.3d 1519, 1523 (10th Cir. 1995).  Applying these standards, we affirm.

Petitioner claims that he was denied his Sixth Amendment right to effective assistance of counsel because of counsel's failure to investigate the charges against him.  To prevail on a claim of ineffective assistance of counsel, petitioner must show both that counsel's performance was deficient and that the deficient performance prejudiced the defense.  See Strickland v. Washington, 466 U.S. 668, 687 (1984).  The district court found that petitioner was unable to satisfy the Strickland requirements.  Plaintiff pleaded guilty to the crime, and his petition fails to show what investigation by counsel would have revealed, or how it would have changed the outcome.  See id. at 694.

Petitioner also maintains that his plea was involuntary because counsel misrepresented to him that he would only receive a four-year sentence and because he did not understand the laws of the United States and did not speak or read English.  As the district court found, petitioner's exposure to liability was reduced by entering into the plea agreement, and the consequences of his plea, including the maximum possible sentences, were explained in open court.  The district court was correct in finding that counsel's performance was not deficient and that petitioner made no showing that counsel misrepresented the consequences of the plea.  Noting that the entire hearing was translated by a court

certified Spanish interpreter, the district court found that the voluntariness of petitioner's plea was established in open court, and petitioner's conclusory statements to the contrary are without merit.  See Worthen v. Meachum, 842 F.2d 1179, 1184 (10th Cir. 1988), overruled on other grounds by Coleman v. Thompson, 501 U.S. 722 (1991).

The judgment of the United States District Court for the District of New Mexico is AFFIRMED.

Entered for the Court


John C. Porfilio
Circuit Judge