**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 3 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

TERRY LEO TRAYNOR,

        Petitioner-Appellant,

v.

FEDERAL BUREAU OF PRISONS,
Director; UNITED STATES OF
AMERICA; ATTORNEY GENERAL
OF THE UNITED STATES OF
AMERICA,

        Respondents-Appellees.

No. 96-5208
(D.C. No. 96-CV-348-C)
(N.D. Okla.)

ORDER AND JUDGMENT[*]

Before KELLY, McKAY, and BRISCOE, Circuit Judges.

After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore
ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Terry Leo Traynor appeals the district court's denial of his request for habeas corpus relief pursuant to 28 U.S.C. § 2241.[1]  On November 15, 1993, Traynor pleaded guilty in federal court to conspiracy to commit theft from an interstate oil pipeline.  At the time of his guilty plea in federal court, he was on parole from a suspended state sentence.  After his federal plea, Traynor was arrested for state parole violations and taken into state custody on December 23, 1993.  On March 22, 1994, Traynor was delivered from state custody to federal court pursuant to a Writ of Habeas Corpus Ad Prosequendum for sentencing on the federal charge.  The federal court sentenced Traynor to twenty-one months' imprisonment.  Following his federal sentencing, as required by the writ, Traynor was returned to the county jail where he was being held.  The Governor of Oklahoma executed a Certificate of Parole Revocation on May 9, 1994, formally revoking Traynor's parole and ordering Traynor to serve the remaining portion of his state sentence, to run concurrently with his federal sentence.  Traynor is currently in state custody serving his state sentence.  A federal detainer has also

---

[1]     Both parties to this appeal refer to 28 U.S.C. § 2255 in their briefs.  The district court does not specifically address the matter, but we assume that it construed the petition for habeas relief as arising under § 2241, because this action takes issue with the execution of defendant's sentence, as opposed to the legality of the sentence.  See Bradshaw v. Story, 86 F.3d 164, 166-67 (10th Cir. 1996).  We note that a certificate of appealability under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996) is not required in order to appeal a final order in a proceeding under 28 U.S.C. § 2241.  See id. at 165-66.

been filed against Traynor which will result in his being taken directly into federal custody upon his release by Oklahoma. Traynor did not file a direct appeal challenging either his plea or his federal sentence.

Traynor filed a motion for habeas relief in federal district court on April 29, 1996, requesting that his federal sentence be retroactively ordered to run concurrently with his state court sentence, or, in the alternative, that his federal sentence be vacated or set aside because his guilty plea was involuntary. The district court denied the writ, finding Traynor had not advised the sentencing court that his guilty plea was conditioned on his attorney's assurance that his federal and state sentences would run concurrently, and, in fact, no mention whatsoever was made of his anticipated state sentence during the plea hearing. As an alternative basis for denial of habeas relief, the district court found that whether Oklahoma would relinquish Traynor to federal custody was a matter solely within the discretion and control of state officials. We affirm.

On appeal, Traynor focuses his argument for habeas relief on the involuntariness of his plea due to ineffective assistance of counsel. To establish that counsel was ineffective, Traynor must show his counsel's performance was deficient in that it fell below an objective standard of reasonableness and that such deficient performance prejudiced his defense. See Strickland v. Washington, 466 U.S. 668, 687-88, 691-92 (1984). Even if we accept Traynor's account of his

counsel's assurances that his state and federal sentences would run concurrently, we cannot conclude counsel's advice to that effect was deficient. Traynor was not in state custody at the time of his guilty plea. If he had been sentenced on his federal plea before the state took him into custody, he would have been placed in federal custody to begin serving his sentence and the Governor's order that his state sentence run concurrently with his federal sentence would have caused the sentences to run concurrently. As it happened, however, Traynor had already been taken into state custody when he was sentenced in federal court, and the federal court was obligated to return him to state custody pursuant to the writ by which he was delivered to federal court for sentencing. The advice given by Traynor's counsel was not inaccurate under the circumstances existing at the time, and we cannot say counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 686.

Traynor also argues his guilty plea was involuntary, independent of his ineffective assistance of counsel argument. Traynor signed and filed with the court a Petition to Enter Plea of Guilty and entered his guilty plea in open court on the same day. There was no mention in either the written plea document or during questioning by the court that he understood his federal and state sentences would run concurrently. In fact, he attested both verbally and in his signed

writing that his plea was not coerced in any way and was conditioned only on the promise of the government to dismiss the remaining counts of the indictment, which it did. The sentencing court made the proper inquiries to establish the voluntariness of his plea and the factual basis for his plea. Traynor's plea was, therefore, voluntary. See Worthen v. Meachum, 842 F.2d 1179, 1184-85 (10th Cir. 1988), overruled on other grounds by Coleman v. Thompson, 501 U.S. 722 (1991).

Traynor also contends the district court should have given him credit on his federal sentence for time served on his state sentence, and that requiring him to serve his federal sentence after he completes his state sentence is cruel and unusual punishment. We agree with the government that the court has no authority to modify Traynor's sentence retroactively to make it run concurrent to the state sentence he is currently serving. See 18 U.S.C. §§ 3585 (providing sentence commences when defendant is received into federal custody); 3582(c) (prohibiting modification of term of imprisonment once it has been imposed, except in circumstances not present here); and 3584 (providing multiple terms of imprisonment imposed at different times shall run consecutively unless court orders that terms run concurrently).

The judgment of the district court is AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge