**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 9, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JOHN D. CLARK,

Petitioner-Appellant,

v.

MIKE MULLINS, Warden,

Respondent-Appellee.

No. 05-6153
(D.C. No. CIV-04-739-L)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **BRISCOE**, and **MURPHY**, Circuit Judges.

This is an appeal from a district court judgment denying Petitioner-

Appellant John D. Clark habeas relief under 28 U.S.C. § 2254. We granted a

certificate of appealability to review whether Clark's guilty plea was knowing and

voluntary as to the maximum possible sentences he was facing. For the reasons

expressed below, we affirm.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

## BACKGROUND

In April 2002, after three prior felony convictions, Clark pleaded guilty to eleven felony and three misdemeanor counts in three Oklahoma criminal cases:

> • Case No. CF-2000-41 (possessing a controlled dangerous substance (CDS) with intent to distribute, maintaining a vehicle for keeping or selling a CDS, driving under suspension, and unlawfully possessing paraphernalia);
> • Case No. CF-2000-53 (possessing a CDS near a public park, possessing a firearm while committing a felony, possessing a firearm after a felony conviction, and unlawfully possessing paraphernalia); and
> • Case No. CF-2001-594 (shooting with intent to kill, shooting with intent to kill, possessing a firearm after conviction, unlawfully using a police radio, possessing a CDS, and possessing a sawed-off shotgun).

During the plea colloquy, Clark indicated that he and his attorney had "go[ne] through" a "Plea of Guilty Summary of Facts" form. Relevant State Court Records, Ex. 1 at 5; *id.*, Ex. 7 at 1. Among other things, the form listed the criminal counts, recited that there was no plea agreement, and explained the constitutional rights that Clark was giving up by pleading guilty. The form also contained a section for the "range of punishment for the crime(s)," which had only four lines of blanks to be completed showing the minimum and maximum terms of imprisonment. *Id.*, Ex. 7 at 2. Clark's attorney completed the section, apparently attempting to fit in the sentencing ranges for the five felonies and three misdemeanors in Case Nos. CF-2000-41 and CF-2000-53. As shown below, line one reads, "Minimum of  20yrs  to a maximum of ____ and/or a fine . . . ,"

-2-

which is near "CTS I, II & III" and "CF 2000-53." *Id.* Near the notation "CF

200[0]-41," line two reads, "Minimum of 20yrs to a maximum of 1yr and/or a

fine . . . ," and is preceded by various count numbers that we cannot positively

discern. *Id.* Lines three and four read, "Minimum of ___ to a maximum of 1yr

and/or a fine . . . ." *Id.* The full section reads:

*Id.*

In the bottom margin of the page, Clark's attorney identified potential

sentences for the CF-2001-594 counts: "CT I & II - not less than 20yrs"; "Count

III 3yrs to life"; "Count IV 4yrs to life"; "Count V 6 yrs to life"; "Count VI 6 yrs

to life." *Id.* On the form's third page, above Clark's signature, a checkmark

appears next to the form's language, "My attorney completed this form and we

have gone over the form and I understand its contents and agree with the

answers." *Id.*, Ex. 7 at 3.

In response to his attorney's queries during the plea colloquy, Clark

indicated that he had signed the form and understood that there was no plea

agreement and would be no jury trial. The trial judge's only inquiry before accepting Clark's plea was, "What about a factual basis to support all these pleas?" *Id.*, Ex. 1 at 6. In response, Clark's attorney cited the probable cause affidavits. The judge accepted Clark's plea, ordered a presentencing investigation report, and scheduled a sentencing date.

In August 2002, after receiving the report, which apparently "recommend[ed] maximum incarceration," *id.*, Ex. 2 at 6, Clark moved to withdraw his guilty plea. At the hearing on the motion, Clark was represented by new counsel, who argued that Clark "did not understand that he could not withdraw his plea at any time, did not realize that he was giving up his right to a jury, and all other rights for that matter," *Id.*, Ex. 2 at 3, "did not understand his right to a preliminary hearing," *id.* at 5, and that his "misunderstanding . . . would rise to the level of coercion," *id.* at 4. Clark's attorney then asked him, "Does that pretty much cover it?" *Id.* at 5. Clark had nothing to add. The court summarily denied the motion and later sentenced Clark to 213 years in prison.

On appeal to the Oklahoma Court of Criminal Appeals (OCCA), Clark argued through a new attorney that he was not advised of the consequences of pleading guilty, including the punishment ranges. The OCCA summarily rejected that argument. But the OCCA did reverse for lack of evidence Clark's felony conviction in Case No. CF-2000-41 for unlawfully maintaining a vehicle. *Clark v. Oklahoma*, Nos. C-2002-1188, C-2002-1190, C-2002-1191, slip op. at 2-3

(Okla. Crim. App. July 10, 2003) (summary opinion). Thus, only one felony

remained in CF-2000-41: possession of a CDS with intent to distribute.

Clark then filed a petition for a writ of habeas corpus in the federal district

court, stating that he would not have pleaded guilty if he knew that he was facing

more than twenty years imprisonment. The district court denied relief, ruling that

> [t]he circumstances surrounding [Clark's] entry of his plea, including
> the fact that the charges in Case Nos. CF-2000-41 and CF-2000-53
> alleging the offenses were committed after three prior felony
> convictions had been pending for over two years, that [Clark] had
> been arraigned on the habitual offender charges in each of these
> cases and had appeared in court with his attorney on numerous
> occasions, and that [Clark] did not express any misunderstanding
> concerning the maximum possible punishment for these habitual
> offender charges, show that [Clark] understood the nature and
> consequences of his plea and voluntarily entered the plea.

Aplt. App., Report & Recommendation at 18.[1]

Clark appealed.

---

[1]  The district court did, however, characterize the state "trial judge's failure
to advise [Clark] at the plea proceeding of the range of punishment for each of the
felony offenses in Case Nos. CF-2000-41 and CF-2000-53 . . . [as] troubling."
Aplt. App., Report & Recommendation at 18. We agree. A plea colloquy serves
as a constitutional shield, "protect[ing] the defendant from an unintelligent or
involuntary plea." *Mitchell v. United States*, 526 U.S. 314, 322 (1999). Here, the
colloquy was nearly non-existent, with the state trial judge asking Clark only one
question. Nevertheless, our review of the record indicates that Clark's plea was
not unintelligent or involuntary.

## DISCUSSION

### I.  Standards of Review

We review the denial of federal habeas relief de novo, applying the same standards used by the district court.  *Jackson v. Ray*, 390 F.3d 1254, 1259 (10th Cir. 2004), *cert. denied*, 126 S. Ct. 61 (2005).  Under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), a federal court may not grant habeas relief on a claim adjudicated on the merits in state court, unless the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id*. § 2254(d)(2).

### II.  Due Process

A guilty plea is constitutionally tolerable, provided it "represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (quotation omitted).  In accepting a guilty plea, a trial court must make sure that the accused has a full understanding of what the plea connotes and of its consequences, including the maximum penalty to which the accused may be exposed.  *See Boykin v. Alabama*, 395 U.S. 238, 243-44 (1969); *Worthen v. Meachum*, 842 F.2d 1179, 1182 (10th Cir. 1988), *overruled on other grounds*, *Coleman v. Thompson*, 501 U.S. 722 (1991).  While an exhaustive exegesis on the merits of pleading guilty is not

mandated, *see Henderson v. Morgan*, 426 U.S. 637, 647 n.18 (1976), "the record must affirmatively disclose that a defendant who pleaded guilty entered his plea understandingly and voluntarily," *Brady v. United States*, 397 U.S. 742, 747 n.4 (1970). "Whether a plea is voluntary is a question of federal [due process] law, but this legal conclusion rests on factual findings and inferences from those findings." *Fields v. Gibson*, 277 F.3d 1203, 1212 (10th Cir. 2002).

We conclude that the OCCA neither contravened or unreasonably applied Supreme Court precedent nor employed an unreasonable factual determination in rejecting Clark's plea challenge. Clark's failure to argue during the plea-withdrawal hearing that he was unaware of the maximum possible sentences suggests awareness of a substantial amount of prison time. Indeed, Clark had earlier signed the plea form, admitting that he understood its contents. At the very least, the form clearly shows that in Case No. CF-2001-594, Clark was facing four felony counts, each carrying a possible life sentence, and two felony counts for which the minimum sentences would each be twenty years. Thus, his assertion that he would not have pleaded guilty had he known that he could receive more than twenty years is specious.

Furthermore, line one in the range-of-punishment section could be read as indicating a minimum of twenty years each for felony counts one, two, and three in Case No. CF-2000-53, which are the sentences Clark ultimately received in that case. The absence of a maximum term on line one reflects that Oklahoma's

habitual offender statute recited no maximum penalty, *see* Okla. Stat. tit. 21, § 51.1(B) (Supp. 1999) ("Every person who, having been twice convicted of felony offenses, commits a third, or thereafter, felony offenses . . . shall be punished by imprisonment in the State Penitentiary for a term of not less than twenty (20) years.").[2]  As for Case No. CF-2000-41, line two's "Minimum of 20yrs" would accurately reflect the sentence Clark received on the only viable felony count in that case.  Line two's further notation of "to a maximum of 1yr" indicates the maximum possible sentence for one of the misdemeanor counts.  Nothing in the range-of-punishment section shows that Clark was not apprised of the sentences he ultimately received.  And given his silence at the plea-withdrawal hearing about sentencing ranges, we conclude that Clark's guilty plea was knowing and voluntary for purposes of AEDPA.

The judgment of the district court is AFFIRMED.  Clark's motion to proceed in forma pauperis is granted.

Entered for the Court

Michael R. Murphy
Circuit Judge

---

[2]    Section 51.1(B) was amended in 2001 to specify a maximum term of life imprisonment.