**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 30, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RAYSHAWN LANDON CRUMP,

　　　　Petitioner-Appellant,

v.

TIM WILKINSON, Warden,

　　　　Respondent-Appellee.

No. 12-6319
(D.C. No. 5:12-CV-00175-D)
(W.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY***

Before **BRISCOE,** Chief Judge, **ANDERSON** and **TYMKOVICH**, Circuit Judges.

　　　　Rayshawn Crump, an Oklahoma state prisoner, requests a certificate of appealability (COA) to appeal the district court's dismissal of his application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. We deny a COA and dismiss this matter.

**I**

　　　　On May 18, 2009, Crump entered pleas of *nolo contendere* in the District Court of Oklahoma County to two counts of assault with a firearm, one count of using a vehicle to facilitate the discharge of a firearm, and one count of possession of a firearm. On September 23, 2009, he was sentenced to thirty years' imprisonment on each of the four

---

　　　　* This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

counts, to be served concurrently. Crump moved to withdraw his plea, and following a hearing, the state trial court denied the motion. He appealed, and the Oklahoma Court of Criminal Appeals (OCCA) denied his petition for writ of certiorari and affirmed the judgment and sentence of the state trial court.[1] Crump sought a writ of habeas corpus pursuant to 28 U.S.C. § 2254 with the District Court for the Western District of Oklahoma, arguing that his pleas were not knowingly and voluntarily entered in accordance with due process guaranteed by the Fourteenth Amendment. The district court denied Crump's petition for habeas relief and denied his application for a COA.

## II

Crump seeks a COA on the claim that his no contest pleas were not entered knowingly or voluntarily and were made in violation of his Fourteenth Amendment right to due process, contending that he was unaware of and misadvised regarding the minimum mandatory length of incarceration to which his pleas subjected him. He argues that his attorney told him that if a jury was to find him guilty, he would face a minimum sentence of twenty years. But Crump claims his attorney also told him that with a plea,

---

[1] The exhaustion requirements of 28 U.S.C. § 2254 do not require Crump to seek postconviction relief in state court prior to filing his federal habeas petition if the state court had already ruled on his claims. "It is not necessary . . . for the prisoner to ask the state for collateral relief, based on the same evidence and issues already decided by direct review. . . ." Brown v. Allen, 344 U.S. 443, 447 (1953). See also Castille v. Peoples, 489 U.S. 346, 350 (1989) ("[O]nce the state courts have ruled upon a claim, it is not necessary for a petitioner 'to ask the state for collateral relief, based upon the same evidence and issues already decided by direct review.'" (quoting Brown, 344 U.S. at 447)); Bear v. Boone, 173 F.3d 782, 785 n.3 (10th Cir. 1999); Bodine v. Warden of Joseph Harp Correction Center, 217 F. App'x 811, 812 n.1 (10th Cir. 2007).

2

the judge could "do whatever he would like to do," and that he could be sentenced to "10 out and 10 in or something like that." Aplt. App. at 45, 47.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), we may not grant relief for an application of writ of habeas corpus to a claim that was adjudicated on the merits in state court unless the adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A petitioner seeking habeas relief must obtain a COA before this court may consider the merits of his appeal. Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) ("[U]ntil a COA has been issued federal courts of appeals lack jurisdiction to rule on the merits of appeals from habeas petitioners."). To be entitled to a COA, Crump must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, the petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 336 (quotations omitted). Where, as here, the district court has rejected the constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529

3

U.S. 473, 484 (2000).  Factual findings made by a state court are presumed to be correct and they may be rebutted only "by clear and convincing evidence."  28 U.S.C. § 2253(e)(1).

Whether a defendant knowingly and voluntarily entered into a plea is a question of law that this court reviews de novo, but "[t]o the extent that the question of whether the defendant knowingly and voluntarily made the plea depends on findings of fact made by the state court on habeas review, these findings, with specific exceptions, carry a presumption of correctness."  Cunningham v. Diesslin, 92 F.3d 1054, 1060 (10th Cir. 1996).  "[I]f a defendant's guilty plea [or no contest plea] is not . . . voluntary and knowing, it has been obtained in violation of due process and is therefore void."  Boykin v. Alabama, 395 U.S. 238, 243 n.5 (1969).  The test for a valid plea is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant."  Hill v. Lockhart, 474 U.S. 52, 56 (1985) (quotation omitted).

At the hearing on Crump's request to withdraw his plea, the state trial court noted inconsistencies in Crump's testimony:

> At one time, Mr. Crump tells me that he pled guilty based upon a guarantee by his lawyer that he would get a certain sentence, certain number of years by way of sentence on a blind plea . . . .

> Then, at another time today, Mr. Crump tells me that he understood going into this that the sentence to be given was entirely up to [the sentencing judge] and that he could do what he wanted to do upward or downward.

App. at 51.  Crump admitted at the plea withdrawal hearing that he understood the

4

sentencing judge could "do whatever he would like to do" with respect to sentencing. Id. at 45. But in the same hearing, Crump testified that it was his understanding that the sentencing judge could sentence him to a term of less than twenty years:

> Q: When you say that you understood your range of punishment for what a jury could set your time at if they were to find you guilty, [your attorney] told you it was a minimum of 20?
> A: Yes.
> Q: Then he also told you though that any decision making would be up to the judge?
> A: Yes.
> Q: And that a judge can sentence you –
> A: To whatever he would like to sentence me to.
> Q: And your understanding was that that means it could go lower than 20 as well?
> A: Yes. To a 10 out and 10 in or something like that. That's why I left it up to the judge to decide because I figured that the judge could do what he wanted to do.

Id. at 47-48. The state trial court determined, based on the evidence before it, that "Crump entered his plea of guilty with a full understanding of his rights," and that Crump's "plea was freely and voluntarily given." Id. at 51. In its order denying Crump's § 2254 habeas petition, the district court agreed with the findings of the state trial court and held that Crump failed to "present clear and convincing evidence to show the state court and appellate court erred in finding his plea was knowing and voluntary." Id. at 23-24. The district court also found that Crump "never identified the specific number of years his attorney allegedly represented as the maximum sentence." Id. at 23 (emphasis added).

We have held that "[a]n erroneous sentence estimate by defense counsel," and "a

5

defendant's erroneous expectation, based on his attorney's erroneous estimate . . . do[] not render a plea involuntary." Fields v. Gibson, 277 F.3d 1203, 1214 (10th Cir. 2002) (quotation omitted). "A plea may be involuntary when an attorney materially misinforms the defendant of the consequences of the plea, e.g., by falsely alleging that promises or guarantees exist." Id. at 1213 (quotation and citation omitted); see also Tovar Mendoza v. Hatch, 620 F.3d 1261, 1271 (10th Cir. 2010) (concluding that the defendant's plea was involuntary when the defendant's attorney repeatedly stated that the state trial judge had agreed to impose a three-year sentence). A plea may also be involuntary "if counsel informs the defendant that he has no choice, he must plead guilty." Fields, 277 F.3d at 1213.

Here, Crump's attorney did not falsely allege that the sentencing judge had promised to impose a particular sentence. Cf. Tovar Mendoza, 620 F.3d at 1271. Likewise, Crump's attorney did not inform Crump that he had no choice but to enter into the plea. We conclude that even if Crump's attorney made an erroneous estimate regarding the length of his sentence, this erroneous estimate does not render Crump's plea involuntary. See Worthen v. Meachum, 842 F.3d 1179, 1182-84 (10th Cir. 1988) (holding plea was knowing and voluntary despite defendant's claim that his attorney misrepresented that he would be paroled in five or six years, when the defendant could have only been sentenced to either death or life in prison).

We also conclude that the record does not support Crump's argument that he was unaware of the mandatory minimum length of incarceration to which his pleas subjected

6

him.  In his plea of *nolo contendre*, Crump indicated that he understood that the charges against him carried a mandatory minimum sentence of twenty years.  Question 13 of the plea agreement asked, "Do you understand the range of punishment for the crime(s) charged[?]" App. at 32.  This question was followed by a list of charges to which Crump pleaded no contest, along with the range of punishment for each charge:

Count 2:  Minimum of 6 years to a maximum of life
Count 3:  Minimum of 6 years to a maximum of life
Count 4:  Minimum of 20 years to a maximum of life
Count 5:  Minimum of 10 years to a maximum of life

Id.  Crump marked "YES" after each of the charges listed, indicating that he understood the mandatory minimum length of incarceration for the crimes charged against him.  Id.  Although the state trial court did not refer to Question 13 of the plea form during the hearing on Crump's request to withdraw his plea, the state trial court at the hearing specifically examined other portions of the plea form, including Question 8 regarding Crump's mental competency at the time that his plea was entered.  Id. at 51.  The state trial court also stated that it relied upon the plea form in making its findings.  See id. ("[W]hat I have to go on here is the paperwork that was signed and executed by the parties, Mr. Crump included.").

We conclude that the plea agreement, which contained Crump's statement acknowledging that he understood the minimum and maximum penalties, belies his contention that the plea was unknowing and involuntary.  See United States v. Silva, 430 F.3d 1096, 1199 (10th Cir. 2005) (denying defendant's request for COA and concluding

7

that defendant's pleas were voluntary and knowing because defendant indicated in the plea agreement that he understood the maximum term of imprisonment).  While Crump in his application for a COA "is not required to prove the merits of his case, he must demonstrate 'something more than the absence of frivolity or the existence of mere good faith' on his part."  Id. (quoting Miller-El, 537 U.S. at 338).  After reviewing the record, we conclude that reasonable jurists would not find the district court's assessment of the constitutional claims debatable or wrong.

## III

For the foregoing reasons, we DENY Crump's application for a COA and DISMISS this matter.  Appellant's request for oral argument is denied.  10th Cir. R. 34.1(G).

Entered for the Court


Mary Beck Briscoe
Chief Judge